# United States District Court
# District of Massachusetts

JORGE ARIAS,
    Petitioner,

v.                                            CIVIL ACTION NO. 11-11151-JLT

SEAN McADAM,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES (#9)

COLLINGS, U.S.M.J.

    The respondent claims that petitioner has not exhausted the claims set forth in his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (#1) ("petition"). The law requires that before any claim contained in a petition for habeas corpus filed by a person convicted in a state court can be considered by a federal court, that person must present the

claim in the first instance to the highest court of the state in which he or she was convicted. In other words, the person must "exhaust" his state court remedies. This requirement is codified in 28 U.S.C. § 2254(b)(1)(A).

Manifestly, the petitioner has not presented all the claims contained in his petition to the Supreme Judicial Court. The ONLY claim presented in the Application for Further Appellate Review to the Supreme Judicial Court was as follows:

> Mr. Arias seeks further appellate review with respect to the following issue: whether the trial judge committed reversible error where both theories of culpability on the charge of assault with a dangerous weapon were submitted to the jury, but the judge failed to require the jury to indicate the theory or theories on which it based its verdict and there was insufficient evidence for a finding of guilt on at least one of the theories.

#12, Tab 8 at 4-5.

However, the petitioner seeks to bring additional grounds in this habeas corpus petition which were never presented to the Supreme Judicial Court. Specifically, grounds (1), (2), (3) and (5) were never presented. The Court construes ground (4) as raising the same issue which was presented to the Supreme Judicial Court and ground (6) as raising a claim of insufficient evidence on one of the theories of assault with a dangerous weapon, which, as

indicated *supra,* was also presented to the Supreme Judicial Court.

In sum, the Court rules that grounds (1), (2),(3) and (5) have not been exhausted but that grounds (4) and (6) (as the Court has construed them) have. This makes the petition "mixed" such that it cannot go forward as it presently stands and is subject to dismissal. However, before a dismissal of the entire petition is ordered, the petitioner should be given an opportunity to withdraw the unexhausted claims.

Thus, if the District Judge agrees that the petition is indeed "mixed" containing both exhausted and unexhausted claims, I RECOMMEND that Arias be given thirty (30) days after the District Judge rules on the Report and Recommendation to file a pleading in which he withdraws grounds (1), (2), (3) and (5) of his petition. If the petitioner does so, the case will go forward on grounds (4) and (6).

If the petitioner does not voluntarily withdraw the unexhausted claims contained in grounds (1), (2), (3) and (5) of his petition within thirty days after the District Judge rules on the Report and Recommendation, I FURTHER RECOMMEND that the § 2254 Petition (#1) be DISMISSED as a "mixed" petition and that a final judgment dismissing the petition be entered.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

November 21, 2011.