# United States District Court
# District of Massachusetts

JORGE ARIAS,
    Petitioner,

v.                                    CIVIL ACTION NO. 11-11151-JLT

SEAN McADAM,
    Respondent.

## *REPORT AND RECOMMENDATION ON PETITION FOR RELIEF FROM A CONVICTION OR SENTENCE BY A BY A PERSON IN STATE CUSTODY (#1)*

COLLINGS, U.S.M.J.

The Court has construed Grounds Four and Six of the Petition as raising the same issues that the petitioner, Jorge Arias ("Arias"), raised in his direct appeal to the Supreme Judicial Court, *viz.*, that the state trial judge:

> ...committed reversible error where both theories of culpability on the charge of assault with a dangerous weapon were submitted to the jury, but the judge

> failed to require the jury to indicate the theory or theories on which it based its verdict and there was insufficient evidence for a finding of guilty on at least one of the theories.

#12, Exh. 8 at 5.

At trial, Arias was convicted of, *inter alia,* assault with a dangerous weapon. The facts are set forth by the Massachusetts Appeals Court, *Commonwealth v. Arias,* 78 Mass. App. Ct. 429, 939 N.E.2d 1169 (2010), *rev. denied*, 459 Mass. 1104 (2011)(Table):

> On February 17, 2007, Everett police Officer Jason Leonard was working a paid detail at a Home Depot store. Shortly before 8:00 p.m., Leonard saw the defendant throw several boxes over a chain link fence in the garden section of the store, and then walk back inside the store. Leonard, who was in uniform, walked outside to his personal truck and drove it to the area where the boxes had been thrown. There, Leonard saw a dark pickup truck with its headlights off pull up to where the boxes had been thrown. The defendant got out of the truck and was reaching for one of the boxes when Leonard drove up and parked his truck so that the two trucks were facing one another. The defendant dropped the box, ran back to the truck, got into the front seat, and 'threw' the truck into drive. The truck 'lurched forward' towards Leonard. Leonard, fearing for his life, pulled out his service weapon, pointed it at the defendant, and demanded that he stop. The defendant yelled, 'I didn't do anything,' put his truck in reverse, and drove off, spinning his tires.

*Arias,* 78 Mass. App. Ct. at 430, 939 N.E.2d at 1171-1172 (footnote omitted).

The conviction for assault with a dangerous weapon rests on Arias' acts of jumping into the truck when confronted by the officer and putting the truck into gear so that the truck "lurched" forward in the direction of the officer. The trial judge instructed the jury on two theories whereby Arias could be found guilty of assault,[1] *i.e.,* "...as either an attempted battery or an immediately threatened battery" and that "[t]his was a correct statement of our common law." *Arias,* 78 Mass. App. Ct. at 431, 939 N.E.2d at 1172 (citing *Commonwealth v. Gorassi,* 432 Mass. 244, 247, 733 N.E.2d 106 (2000)).

> 'Under the **attempted battery theory**, the Commonwealth must prove that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so.' *Commonwealth v. Melton,* 436 Mass. 291, 295, 763 N.E.2d 1092 (2002). But an attempted battery does not require proof 'that the victim [was] aware of the attempt or [was] put in fear by it.' *Commonwealth v. Gorassi,* [432 Mass.] at 248, 733 N.E.2d 106 [(2000)].

*Arias,* 78 Mass. App. Ct. at 434, 939 N.E. 2d at 1174 (emphasis added).

> 'In the case of a **threatened battery** type of assault, the Commonwealth must prove that the defendant

---

[1] There was no dispute that the truck was a dangerous weapon. *Arias,* 78 Mass. App. Ct. at 434 n. 5, 939 N.E.2d at 1174 n. 5.

> engaged in 'objectively menacing' conduct with the intent to put the victim in fear of immediate bodily harm.'

*Arias,* 78 Mass. App. Ct. at 434, 939 N.E.2d at 1174 (citing *Gorassi,* 432 Mass. at 248, 733 N.E.2d 106 (further citations omitted)(emphasis added)).

The Appeals Court found the evidence sufficient to support the charge of assault with a dangerous weapon under both theories.

> The Commonwealth may properly use the same conduct to prove an assault under both forms. *Commonwealth v. Lednum*, 75 Mass. App. Ct. 722, 725, 916 N.E.2d 416 (2009). Here, as in *Lednum*, the defendant's conduct fits comfortably within either definition of assault. From the evidence that the defendant put his truck into drive and 'lurched' it at Leonard (overt act attempting bodily harm), stopping only when Leonard aimed his service weapon at him (reasonably close to committing a battery), a rational fact finder could reasonably conclude that an attempted battery took place. *See Commonwealth v. Purrier*, 54 Mass. App. Ct. 397, 399–403, 766 N.E.2d 72 (2002). From the evidence that the defendant 'lurched' his truck at Leonard (menacing conduct), who was standing a few feet away and in fear for his life (fear of imminent harm), a rational fact finder could reasonably conclude that a threatened battery had occurred. *See Commonwealth v. Melton*, [436 Mass. 291,] 295 n. 4, 763 N.E.2d 1092 [(2010)].

*Arias,* 78 Mass. App. Ct. at 434-435, 939 N.E.2d at 1175.

Arias' claim is that the evidence was insufficient for the jury to find

beyond a reasonable doubt that he committed an attempted battery. As manifested in the above-quoted passage from the Appeals Court, the totality of the evidence, including reasonable inferences which could be drawn from that evidence, was sufficient. Clearly, when one in the act of stealing items, is confronted by an officer, jumps into his truck and puts the truck into drive causing the truck to lurch forward toward the officer, a reasonable jury could infer that the intent was to commit a battery.

In any event, even if the Appeals Court was incorrect, in this habeas corpus action, Arias must show more than error. He must show that the Appeals Court decision "...involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *Hurtado v. Tucker,* 245 F.3d 7, 15 (1 Cir.), *cert. denied,* 534 U.S. 925 (2001); *see also O'Laughlin v. O'Brien,* 568 F.3d 287, 298-99 (1 Cir., 2009)(citations omitted), *cert. denied,* 130 S.Ct. 1142 (2010).

In cases involving whether the evidence at the state court trial was sufficient for a jury to find guilt beyond a reasonable doubt, the "Federal law, as determined by the Supreme Court of the United States" is the case of *Jackson v. Virginia* in which the Court held that "due process requires that 'no person

shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.'" *O'Laughlin,* 568 F.3d at 299 (quoting *Jackson,* 443 U.S. 307, 316 (1979)).

So the ultimate issue is whether the decision of the Appeals Court in *Arias* was an unreasonable application of this principle which was laid down by the Supreme Court in the *Jackson* case. Manifestly, it was not. Applying the guidelines set forth in the *Hurtado* case, 245 F.3d at 18, the Appeals Court (1) examined the totality of the evidence, (2) considered the argument made *vis-a-vis* the alleged lack of sufficient evidence and (3) gave appropriate weight to all of the evidence.

Further, it is noted that the defendant testified at trial. *See* #12, Exh. 10 at 106-117. Thus, the jury had the ability to judge his credibility. In this situation, the words of the First Circuit in the *Hurtado* case are most germane.

> We add that, as a general rule, federal courts should be particularly cautious about issuing habeas, on the grounds of the objective unreasonableness of a state court's conclusion that the evidence is sufficient, where there has been a verdict of guilty by a jury of a defendant's peers, where the defendant's credibility was evaluated by the jury hearing his testimony, where that verdict has been affirmed on appeal in the state

> system, and where there is no claim of constitutional
> error in the conduct of the trial.

*Hurtado,* 245 F.2d at 19-20.

In sum, the Court concludes that the decision of the Appeals Court that the evidence was sufficient for the jury to find the defendant guilty beyond a reasonable doubt of assault with a dangerous weapon on both the attempted battery theory and the threatened battery theory was objectively reasonable. Consequently, Arias is not entitled to the issuance of a writ of habeas corpus.

I RECOMMEND that the Petition be DISMISSED and that Final Judgment to that effect issue forthwith.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United*

*States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 14, 2012.